EARL SPENCER,                     )

               )

         Plaintiff,         )

               )

        v.               )         Case No. 4:13CV1639 AGF

               )

WILLIAM K. PEARSON, et al.,    )

               )

         Defendants.     )

## MEMORANDUM AND ORDER

Plaintiff brings this action under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680, and for common law conversion against the United States of America, William K. Pearson (Dr. Pearson), a dentist at the Defendant Myrtle Hilliard Davis Comprehensive Health Care Centers, Inc., ("MHD") and MHD as Defendants.

Plaintiff asserts that Dr. Pearson extracted two gold teeth and a gold strip from Plaintiff's mouth and placed them in a medical waste container at MHD. In Count I, Plaintiff asserts a claim against the United States, alleging that federal jurisdiction exists under the FTCA. Plaintiff seeks damages of $2800.00 for the loss of the teeth and the strip alleging "[o]n information and belief" that Dr. Pearson is a federal employee and MHD is a federal facility subject to suit under the FTCA. Doc. No. 1 at ¶ 7. In Count II, Plaintiff asserts a claim for conversion against Defendants Dr. Pearson and MHD, for "actual damages in the amount of 75,000," together with punitive damages, but the basis

for federal jurisdiction of that claim is unclear.

On December 6, 2013, the United States moved to dismiss Count I, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction under the FTCA. Plaintiff has not filed a response to the motion and the time to do so has expired. For the reasons set forth below, the motion of the United States will be granted. As no basis for federal jurisdiction over Count II appears from the face of the Complaint, Count II will also be dismissed for lack of jurisdiction.

# I. Applicable Law

## A. Standard of Review

A federal district court may not proceed on a pending action unless it is satisfied that it has subject matter jurisdiction. *Jones v. United States*, 727 F. 3d 844, 846 (8th Cir. 2013); *see also* Fed. R. Civ. P. 12(b)(1). The party asserting federal jurisdiction bears the burden of establishing the basis for such jurisdiction. *Id.* "A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)). And when ruling on motion to dismiss for lack of jurisdiction under Rule 12(b)(1), courts have broad discretion to consider relevant documents and affidavits to determine jurisdictional facts. *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 861 (8th Cir. 2013) (holding that "no presumptive truthfulness attaches to the [plaintiff's] allegations, and the existence of

disputed material facts will not preclude [the court] from evaluating ... the merits of the jurisdictional claims") (internal quotations omitted).

B. Subject Matter Jurisdiction and the FTCA

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011), *cert. denied*, 132 S. Ct. 2378 (2012) (internal quotations omitted). "Under § 224 of the Public Health Service Act of 1944 (the "PHSA") [42 U.S.C. § 233 (2000)], the remedies provided under the FTCA are the exclusive means for resolving tort claims against employees of the Public Health Service acting within the scope of their employment." *Bogues v. United States*, 703 F.Supp.2d 318, 319 (S.D.N.Y. 2010); *see also* 42 U.S.C. § 233(a). Similarly, the Federally Supported Health Centers Assistance Act of 1992 (the "FSHCAA"), 42 U.S.C.§ 233(g)(1992), extends FTCA coverage to public or non-profit, private entities receiving federal funds under the PHSA, by authorizing the Department of Health and Human Services ("HHS") to "deem" them employees of the Public Health Service. *See* 42 U.S.C. § 233(g)(1)(F); s*ee also El Rio Santa Cruz Neighborhood. v. U.S. Dep't. of Health*, 396 F.3d 1265, 1267-68 (D.C. Cir. 2005).

In combination, the PHSA, the FSHCAA, and the FTCA provide "limited waiver[s] of sovereign immunity, allowing the United States to be held liable for personal injuries 'committed by any employee of the Government while acting within the scope of his office or employment. . . .'" *Johnson*, 534 F.3d at 962 (quoting 28 U.S.C. § 1346(b)).

## II. **Discussion**

In support of its motion to dismiss Count I, the United States offers a certification from the United States Attorney stating that Dr. Pearson and MHD are not "deemed" employees of the United States for purposes of suit under the FTCA. *See* Doc. No. 4-1 (Certification of United States Attorney). These facts are undisputed inasmuch as Plaintiff has not filed a response to either the motion to dismiss or the appended certification.

Upon review of the record, the United States' motion, and the undisputed certification, the Court concludes that two factors mandate the dismissal of Count I for lack of federal subject matter jurisdiction under the FTCA. First, the limited waivers of sovereign immunity in the applicable statutes only permit suits against employees of the United States. The undisputed certification establishes that neither Dr. Pearson nor the MHD is an employee of the United States for purposes of suit under the FTCA. *See Rutten v. United States*, 299 F.3d 993, 995 (8th Cir. 2002) (holding that torts committed by persons not "deemed" employees of the United States are not subject to suit under the FTCA). Second, the statutory waivers of sovereign immunity are restricted to suits involving claims for personal injury or death. *See* 28 U.S.C. § 1346(b); *see also Rutten*, 299 F.3d at 995. Here, although Plaintiff alleges that the injury resulted from actions taken in a healthcare setting, Plaintiff seeks recovery for property damage, not personal injury.

The Court further concludes that Plaintiff's claim for conversion should be dismissed. For the reasons stated above, Plaintiff cannot state a claim under the FTCA

against these Defendants, and Plaintiff fails to plead the requisite jurisdictional facts regarding the citizenship of the parties to establish subject matter jurisdiction over this claim on the grounds of diversity of citizenship. See 28 U.S.C. §§1332(a) & (b). To the extent Plaintiff intended to assert jurisdiction pendent to the federal claim in Count I, the Court declines to exercise such jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the United States, to dismiss Count I for lack of subject matter jurisdiction is **GRANTED**. (Doc. No. 4.)

**IT IS FURTHER ORDERED** that the claims in Count II against Defendants William K. Pearson and Myrtle Hilliard Davis Comprehensive Health Care Centers, Inc. are **DISMISSED without prejudice**.

A separate order of dismissal shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2014.